1  Lynn Nelson
2  27636 Ynez Rd. #232
   Temecula, Ca 92591
3  951-694-3412

4  In Pro Se

FILED
10 SEP 14 PM 4: 27
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

Lynn Nelson, an Individual
        Plaintiff

vs.

CAPITAL ONE BANK (USA) N.A., a
Corporation; and Does 1 through 5, inclusive

        Defendants.

CASE NO.: CV 10 - 06846 SVW (SH)

COMPLAINT FOR:

UNDER SECURITIES EXCHANGE ACT OF 1934 – CHURNING OF ACCOUNT

JURY TRIAL DEMANDED

Complainant alleges:

**PARTIES**

1. At all relevant times, Complainant was and still is a resident of California.

2. Complainant is informed and believes, and on that basis alleges that, at all relevant times, Defendant CAPITAL ONE BANK (USA) N.A., was a corporation organized and operating under the laws of the State of California. At no time was it disclosed to Complainant that Defendant, CAPITAL ONE BANK (USA) N.A., The term "CAPITAL" means and refers to the Defendant, were duly licensed to engage in the business of securities broker, securities dealer, and investment

1
**COMPLAINT**

...

<2>

adviser, and was a member firm of the National Stock Exchange Inc., subject to their respective Constitutions and Rules, as well as a member of the Securities Exchange Commission subject to its Rules.

3. Complainant is now informed and believes, and on that basis alleges that, at all relevant times CAPITAL was a registered representative(s), engaged in business as a securities salesperson, and an officer(s) and employee(s) of CAPITAL.

4. The Defendant maintained their offices for the transactions of their business at: CAPITAL ONE BANK (USA) N.A., 15000 Capital One Dr., Richmond, VA 23238, within the territorial confines of the United States.

5. At all relevant times, Defendant's officers and directors acted as clearing agent for Defendant CAPITAL cleared all of CAPITAL transactions for Lynn Nelson, a customer.

## JURISDICTION

6. This action arises under the *Securities Act of 1933* and the *Securities Exchange Act of 1934*, as amended, and *Rules 10b-5* of the General Rules and Regulations promulgated by the *Securities and Exchange Commission, Rule 12(2)* of the Rules of the National Stock Exchange, Inc., Rule 20(a) of the Rules of the *National Stock Exchange*, so that this court has jurisdiction over the matter under *15 U.S.C. §§ 77v, 78aa* and *28 U.S.C. § 1331* as well as the principles of supplemental jurisdiction.

## FACTUAL BACKGROUND

7. On or about February 18, 2000, Complainant obtained a certain line of credit for a "Credit Card" from the Defendant. This allegation supports an element of this cause of action, in that the transaction and account number was made in connection with a public offering.

8. On or about February 18, 2000 Complainant obtained a certain line of credit from Defendant. However, Defendant had untruth or omissions of which the Complainant did not know at the time of the offer.

9. On or about February 18, 2000, Defendant, after the creation of the account by the use of means of interstate commerce of the mails, without a security agreement between the issuer and the Complainant, did engage in security activities.

**COMPLAINT**
</2>

10. On or about February 18, 2000, Defendant purchased for Complainant's account:

NAME OF STOCK: **FIDELITY MAGELLAN**

NUMBER OF SHARES: Unknown

FIDELITY FUND: # **21**

FUND/ CUSIP: # **316184100**

11. On or about February 18, 2000, CAPITAL used Complainant's application and/or loan agreement to purchase an undisclosed number of shares of stock in a Fidelity Fund for an unknown price, plus commission and other fees as evidenced by the Fund/CUSIP number attached to the loan by the Fidelity Fund.

12. At all relevant times, Defendant, as a result of the investment into the Fidelity Fund exercised control over Complainant's brokerage account, had a fiduciary duty and standard of care to Complainant in all of their transactions with and for the Complainant.

13. At all relevant times, Defendant had the duty not to use or employ in connection with purchase and sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of the Rules and Regulations promulgated by the Securities & Exchange Commission as necessary or appropriate in the public interest or for the protection of investors.

14. At all relevant times, Defendant had the duty under the statutes, rules, and regulations cited above to use due diligence, to have learned the essential facts relative to Complainant and to operate Complainant's brokerage account in a fashion that would not cause an excessive trading or selling or purchasing securities without regard to Complainant's situation and instructions.

15. During the period described above, the Defendant wrongfully exercised control and dominion over Complainant's account in violation of otherwise stated conditions set forth in the original agreement and given to Complainant at the time that the account was opened. In particular, the Defendant executed multiple separate transactions during this period without knowledge of Complainant.

16. By use of means and instrumentalities of interstate commerce and of the mails, and the facilities

of National Securities Exchanges, Defendant employed a device, scheme, and artifice to defraud Complainant, and Defendant engaged in a practice and course of conduct that operated fraud on Complainant in connection with the purchase and sale of securities. Among other things, Defendant wrongfully manipulated Complainant's account in so much as Defendant bought and sold securities without an investment justification other than to generate brokerage commissions for Defendant's profit while Complainant continued to suffer losses.

17. The actions of Defendant were not stated nor was consent given to manipulate the account for the sole profit of the Defendant.

18. In connection with the transactions described above, Defendant failed in their fiduciary duty to Complainant.

19. Prior to Complainant discovering that Defendant had committed a conversion of a security instrument, Complainant received from a secure source a detailed report thereof an account being publicly trading and illegally withheld from Complainant.

20. No written prospectus was given to Complainant covering the shares offered and sold to Complainant thereby failing to disclose that:

a. CAPITAL was very profitable and business was continuing to expand while it concealed the existence of an account, in the Defendant's possession with an unknown value as of the date of this complaint.

b. CAPITAL encumbered the said fund and had accounts receivable of in excess of accounts payable and other debts totaling $20,000 while failing to prove ownership.

21. Complainant still owns the subject shares of the Fidelity Fund as evidenced by the CUSIP number being associated to the Complainant's name and credit card account number.

22. Defendant directly, by the use of a means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, intentionally devised, and schemed to artifice to defraud Complainant of the due share of revenue.

23. Defendant engaged in the act and practice during the ordinary course of business which operated fraud and deceit upon Complainant in connection with the purchase or sale of any security which

violates *17 C.F.R. §240.10b-5 (1997)* also see *U.S. v. O'Hagan, 117 S. Ct. 2199, 2207, 138 L. Ed. 2d 724 (U.S. 1997)* the private right of action under section *10(b) and Rule 10b-5.*

## COUNT I

### SECURITIES FRAUD UNDER 15 U.S.C. § 77q (The Gramm-Leach-Bliley Act)

24. Complainant repeats each and every allegation contained in Paragraphs 1 through 23, as though fully set forth here.

25. Defendant offered to sell the security with no agreement between the issuer and the Complainant, and obtained money or property by means of an untrue statement of a material fact or omission to state a material fact necessary.

## COUNT II

### SECURITIES FRAUD UNDER 15 U.S.C. § 77q (The Gramm-Leach-Bliley Act)

26. Complainant repeats each and every allegation contained in Paragraphs 1 through 23, as though fully set forth here.

27. The transaction in dispute included an untrue statement of material fact or omitting a material fact; 15 U.S.C. § 77q (a) (3) engaged in a transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser (Complainant).

28. Securities Regulation 60.28(4) cites an insider in possession of material non-public information is prohibited by Federal Securities Exchange laws from trading on the information unless he makes public disclosure.

29. As a result of the transactions described above and Defendant' wrongful acts and omissions, Complainant has sustained dividend losses for the period February 18, 2000, to September 13th 2010 in the sum of $40,000.

## COUNT III

### SECURITIES FRAUD UNDER SECURITIES EXCHANGE ACT OF 1934 § 10(b)

30. Complainant repeats each and every allegation contained in Paragraphs 1 through 23, as though fully set forth here.

31. Defendant manipulated and deceptively devised and or contrivance in contravention of such rules and regulations as the Commission set forth appropriately in the best interest of the public and for the protection of investor, also see, section 206B of the Gramm-Leach-Bliley Act.

32. As a result of the actions of Defendant, Complainant has been deprived of the specific securities that Complainant wishes to retain, as set forth above.

33. As a result, Complainant has been injured and damaged in the sum of $40,000.

## COUNT IV

### SECURITIES FRAUD UNDER SECURITIES EXCHANGE ACT OF 1934 § 12(a)

34. Complainant repeats each and every allegation contained in Paragraphs 1 through 23. as though fully set forth here.

35. This cause arises from a connection with a public offering see in *re Syntex Corp. Securities Litigation, 855 F. Supp. 1086, 1098 (N.D. Cal 1994), aff'd 95 F. 3d 922 (9th Cir. 1996).*

36. Complainant did not consent to provide an application as set forth in *Sec. 12 (b)* of the Securities Exchange Act of 1934.

37. As a result of these actions, Complainant has been injured and damaged in the sum of $40,000.

## COUNT V

### CIVIL CONSPIRACY UNDER 18 U.S.C. § 371

38. Complainant incorporates by reference the factual allegations contained in Paragraphs 1 through 23.

39. The factual misrepresentation and omission set forth in paragraphs 1-23 were material, in that there is a "substantial likelihood" that the Complainant would have considered the misrepresentation and omitted facts important in deciding whether to enter into the aforementioned agreement.

40. At the time CAPITAL knowingly induced Complainant to purchase the subject shares of the said Fidelity Fund account, Complainant did not know that the material representations set forth in Paragraphs 1-23 were true. No written prospectus or representation was sent to the Complainant by the Defendant regarding the fund existence. The Defendant failed to disclose the material information set forth in Paragraphs 1-23.

41. Defendant and its officers, directors, agents and assigns conspired either to commit the offense against the Complainant and the United States by doing a lawful act by unlawful means, by doing the above mentioned overt act in pursuance of the conspiracy, and

damages the Complainant as a result of the acts done in furtherance of the conspiracy to defraud, also see *Pub.L.103-322, 108 Stat., United States v. Walter, 1923, 44 S. Ct. 10, 263 U.S. 15, 68 L. Ed. 137.*

## PRAYER

Complainant requests judgment against Defendant, jointly and severally:

A. For damages in the sum of $180,000, plus such further sums as damages as may in the further, pending the trial of this action, occur;

B. For prejudgment interests as provided by law;

C. For punitive or exemplary damages in an amount no less than $25,000.00. Against Defendant CAPITAL.

D. For reasonable attorney's fees;

E. For cost of suit; and

F. For any and all other further relief may be proper.

Date: September 13, 2010

*Lynn Nelson Pro Se*
Lynn Nelson, In Pro Se

## DEMAND FOR JURY TRIAL

Complainant moves this court pursuant to Fed.R.Civ.P. Rule 38 "Jury Trial of Right" and thereby demand a Jury Trial. The undersigned certifies that a copy hereof has been furnished to the parties listed in the Certificate of Service.

Date: September 13, 2010

*Lynn Nelson Pro Se*
Lynn Nelson, In Pro Se

## VERIFICATION

I, Lynn Nelson, am the Complainant in the above entitled action. I have read the foregoing Complaint. The facts stated therein are within my knowledge and are true and correct, except those matters stated on information and belief, and, as to those, I believe them to be true and correct. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this Date: September 13, 2010, at Temecula, California

By: *Lynn Nelson Pro Se*
Lynn Nelson, In Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

```
CV10- 6846 SVW (SHx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Lynn Nelson, In Pro Se
27636 Ynez Rd. #232
Temecula, CA 92591
(951) 694-3412

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Lynn Nelson<br><br>PLAINTIFF(S)<br>v.<br><br>CAPITAL ONE BANK (USA) N.A., a Corporation;<br>and Does 1 through 5, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>10 - 06846 SVW (SH)<br><br>SUMMONS |
|---|---|

TO: DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☑ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Lynn Nelson, in Pro Se_____, whose address is __27636 Ynez Rd. #232 Temecula, CA 92591_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __SEP 1 4 2010__

Clerk, U.S. District Court

By: __ADRIENE MORRIS__
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Lynn Nelson, In Pro Se | **DEFENDANTS**<br>CAPITAL ONE BANK (USA) N.A. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Lynn Nelson, In Pro Se<br>27636 Ynez Rd. #232<br>Temecula, Ca 92591 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 80,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 77q (a) (3), 17 C.F.R. 240. 10b-5, Security Fraud

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | | ☐ 620 Other Food & Drug | |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV 10 - 06846 SVW (SH)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                                CIVIL COVER SHEET                                             Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Virigina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Lynn Nelson Ph.S.S.* Date 9/13/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |